IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BUELL DAVID EMBERSON,  :
           :
    **Plaintiff**   :
           :
  **VS.**      :
           :  **CIVIL NO. 5:15-CV-0331-MTT-CHW**
BRUCE CHATMAN, et al,   :
           :
    **Defendants**  :

## ORDER & RECOMMENDATION

Plaintiff Buell David Emberson, a prisoner confined at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, filed a *pro se* civil rights action in this Court seeking relief under 42 U.S.C. § 1983.   The undersigned has now reviewed the allegations in Plaintiff's Amended Complaint (ECF No. 12), as required by 28 U.S.C. § 1915A(a), and will allow Plaintiff's due process and general conditions of confinement claims to go forward.   It is **RECOMMENDED**, however, that any Eighth Amendment claims brought by Plaintiff based on a specific denial of medical or dental care be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.   Plaintiff's Motion for Appointed Counsel (ECF No. 13) is **DENIED**.

### I.  Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel."   There is, however, "no absolute

constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

In this case, Plaintiff filed a lengthy § 1983 *pro se* complaint. The Court is now required to review the Amended Complaint to determine whether Plaintiff's allegations state a colorable legal claim. This process is routine in *pro se* prisoner actions and is not an "exceptional circumstance" justifying the appointment of counsel. The facts stated in Plaintiff's Amended Complaint are not complicated, and the law governing Plaintiff's claims is not novel or complex.

The undersigned thus finds that the essential facts and legal doctrines in this case are ascertainable by Plaintiff without the assistance of an attorney and that the existence of exceptional circumstances otherwise warranting the appointment of counsel has not been shown by Plaintiff. Plaintiff's request for court-appointed counsel is accordingly **DENIED**. The undersigned will, however, entertain a renewed motion if it later becomes apparent that counsel should be appointed in this case.

## II.    Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a

preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a).   In so doing, the district court must accept all factual allegations in the complaint as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and are "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).   To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).   The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence to prove a claim. *Id*.   "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" do not suffice."   *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).   "[A] complaint must contain either direct or inferential allegations" from which the court can identify the "material elements necessary to sustain a recovery under some viable legal theory." *Green v. Sec'y, Fla. Dep't of Corr.*, 618 F. App'x 655, 656 (11th Cir. 2015) (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001).

### III.    Plaintiff's Complaint

The present action arises from Plaintiff's confinement in the Special Management Unit ("SMU") at the Georgia Diagnostic and Classification Prison ("GDCP").   According to the Amended Complaint, Plaintiff was originally transferred to the SMU on February 6, 2012, after his escape from Walker State Prison.   Then, on August 1, 2013, the Georgia Department of Corrections created a new "Tier Segregation System" for classifying and housing inmates.   Because Plaintiff was already housed in the SMU when the program was created, he was placed in "Tier III" of the program - the new SMU – without additional notification, review, or hearing.

When put into effect, the Tier System established new rules, regulations, and procedures to control the behavior, privileges, and conditions for inmates in the SMU or Tier III.   These conditions are apparently much harsher than those previously existing in the SMU, or other high security facilities, and are substantially more restrictive than those in both general population and administrative segregation units.   Tier III imposes significant limitations on the prisoner's possessions, interaction with others, communication with the outside world, exposure to fresh air and sunlight, recreation, reading materials, showers, educational and religious programming, and other liberties generally allowed to prisoners in general population.

After the transition in August of 2013, Plaintiff began receiving "ninety-day reviews" of his Tier III placement.   In July of 2014, the Committee recommended that Plaintiff be transferred out of Tier III.   That recommendation was approved on July 24,

2014.   Plaintiff, however, was never transferred from Tier III – even despite the fact that every subsequent review also recommended that he be transferred.   Plaintiff claims that Defendants – through their actions or policies – have knowingly confined (and continue to confine) him in Tier III in violation of his due process rights.   Plaintiff further claims that the conditions of confinement in Tier III also constitute cruel and unusual punishment in violation of the Eighth Amendment.

    A.  <u>Due Process Claims</u>

After reviewing his Amended Complaint, the undersigned finds that Plaintiff's allegations are sufficient to allow him to go forward with his due process claims. Defendants will thus be required to answer or otherwise respond to these claims.

    B.  <u>Conditions of Confinement, Eighth Amendment Claims</u>

As indicated above, Plaintiff also contends that the conditions of confinement in Tier III violate his rights under the Eighth Amendment.   The large majority of his allegations about the conditions of confinement, however, are cast in a general narrative and do not describe specific instances when Plaintiff personally suffered a violation of his constitutional rights.   In other words, Plaintiff mostly alleges conditions that "inmates" in SMU have (or have had) to endure.   His allegations are in fact nearly identical (and in very similar handwriting) to complaints filed - at or around the same time - by nearly a dozen other inmates housed in Tier III at SMU.   These inmates, however, are not proceeding as a class, and Plaintiff cannot recover for injuries suffered by other inmates. *See Granite State Outdoor Adver., Inc. v. City of Clearwater, Fla.*, 351 F.3d 1112, 1116 (11th Cir.

2003) ("a party . . . may assert only his or her own rights and cannot raise the claims of third parties not before the court").

Nonetheless, the undersigned is unable to find, at this early stage, that Plaintiff's conditions of confinement claims are entirely frivolous. Although Plaintiff's allegations describe conditions which are often (and logically) associated with high-security incarceration that neither pose an unreasonable risk of serious damage to his health nor offend the contemporary standards of decency,[1] the Amended Complaint also alleges that Plaintiff's confinement in isolation is both long-term (over three and a half years at the time of filing) and indefinite and that the prolonged isolation has caused him to suffer physical and psychological injury. Plaintiff also contends that the nature of his confinement is punitive, rather than administrative, but lacks any penological justification. In light of these allegations, the undersigned will allow Plaintiff's general conditions of confinement claims to proceed beyond the frivolity review stage for further factual development. *See Sheley v. Dugger*, 833 F.2d 1420, 1429 (11th Cir. 1987) (noting that long terms of solitary confinement in close management administrative segregation raised serious constitutional

---

[1] When read liberally and in his favor, the Amended Complaint generally alleges that, as a result of being in Tier III, inmates like Plaintiff (1) live in a small isolation cell; (2) are allowed extremely limited property, out-of-cell time, and recreation; (3) do not have an outside view, proper ventilation, or sunlight in their cell; (4) have no electrical outlets, mirrors, or interior light switches in their cell; (5) are subject to strip searches; (6) must be handcuffed and leg shacked with two guard escorts when moving about the building; (7) have little or no telephone, visitation, library, commissary, and programming privileges; (8) are allowed no reading materials or social interaction with other inmates; (9) are provided only limited amounts of clothing and bedding and lower quality food; (10) have poor facility maintenance; (11) are often forced to endure unclean and foul smelling showers and recreation areas; and (12) are deprived of sleep because the guards are noisy when conducting routine head counts. In addition to these general conditions, Plaintiff states that he, personally, has also been provided inadequate medical and dental care.

questions in light of mental and physical deterioration alleged by inmate as well as contention that his confinement was punitive in nature); *Meriwether v. Faulkner*, 821 F.2d 408, 417 (7th Cir. 1987) (finding that dismissal of Eighth Amendment claims by an inmate facing prolonged, indefinite confinement in segregation "without ascertaining the actual conditions of [the inmate's] confinement and the existence of any feasible alternatives was premature).   Defendants will thus also be required to respond to these claims.

Plaintiff, however, should not be allowed to proceed with claims against Defendants to the extent they are based on a specific instance in which he was denied medical or dental care.   Plaintiff's vague allegations relative to any such claim simply do not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555-56.   Defendants also cannot be held liable under § 1983 for all injuries that occur in the prison simply because they hold supervisory positions.   *See Miller v. King*, 384 F.3d 1248, 1261 (11th Cir.2004).   It is thus not enough for Plaintiff to simply state that defendants are "legally responsible . . . for the welfare of all inmates" in his complaint.   *See Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014) ("Averhart's contention that . . . defendants are legally responsible for his safety is just a legal conclusion: it is not a meaningful factual allegation and, therefore, is insufficient to preclude dismissal.).   Plaintiff must allege sufficiently specific facts to show either that Defendants personally participated in the constitutional violations or that a causal connection exists between the defendant's acts and a subordinate's conduct.   *See id.*

The cursory allegations in Plaintiff's Amended Complaint are not enough to satisfy this requirement.  The allegations do not show that any named defendant had personal knowledge that Plaintiff was denied care for a serious medical or dental need on any occasion. *See McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir.1999).   Even if Plaintiff filed grievances or mail letters to Defendants, a prison official does not personally participate in a constitutional violation merely by failing to respond to such complaints from a prisoner.   *See Ware v. Owens,* No. CV612–056, 2012 WL 5385208, at * 2 (S.D. Ga. Sept. 28, 2012).   *See also Greenwaldt v. Coughlin*, 1995 WL 232736, *4 (S.D.N.Y. April 19, 1995) ("it is well-established that an allegation that an official ignored a prisoner's letter of protest . . . is insufficient to hold that official liable for the alleged violations").

It is therefore **RECOMMENDED** that any Eighth Amendment claim based on a specific denial of medical or dental care be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

## IV.    <u>Right to File Objections</u>

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1)

waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

## V.   Order for Service

It is now **ORDERED** that service be made on Defendants and that they file an Answer, or other response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendants are reminded of the duty to avoid unnecessary expenses and the possible imposition of expenses for failure to waive service.

### DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service

of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.   The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing

supporting authorities.   Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due

on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 26th day of April, 2016.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge